UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN PATRICK HIGGINS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAPIO PARTNERS, LLC,<br><br>　　　　　Defendant. | ) Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>) |

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff John Patrick Higgins ("Plaintiff") brings this action against Defendant Capio Partners, LLC ("Defendant" or "Capio") on an individual basis, and alleges based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.　　In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*.  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.　　Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Eleventh Circuit apply the "least sophisticated consumer standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010). The standard takes into account that consumer protection laws are not made for the protection of experts, but for the public, which includes the credulous and the naïve.

4. Under the least sophisticated consumer standard, a collection letter may violate the FDCPA if a communication constitutes a deceptive means to collect an alleged debt. For instance, a written communication that is deceptive may be open to more than one reasonable interpretation, at least one of which is inaccurate.

5. The FDCPA does not ordinarily require proof of an intentional violation, and is considered a strict liability statute, whereby a single violation is sufficient to establish civil liability against the debt collector.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

8. Plaintiff is a natural person and a resident of Holiday, Florida.

9. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

10. Upon information and belief, Defendant's principal place of business is located at 1745 N. Brown Road, Suite 450, Lawrenceville, Georgia 30043 and its designated agent for service is the CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

13. Some time on, or prior to, January 30, 2020, purported debts were incurred to Tampa Bay Radiology Associates PA ("Tampa") and Radiology Physician Solutions of Florida, LLC ("Radiology") (collectively "the Debts").

14. The Debts went into default and were assigned to Defendant for collection at an exact date and time known only to Defendant.

15. On May 4, 2020, by way of a Debt Validation Letter ("DVL"), Plaintiff mailed a written dispute of the Debts to Defendant's Lawrenceville address.

16. The DVL disputed a balance of $78.00 allegedly owed to Tampa, as well as respective balances of $1,349.00 and $613.00 allegedly owed to Radiology.

17. On May 21, 2020, Plaintiff obtained and reviewed a copy of his consumer background report issued by Experian Information Solutions, Inc. ("Experian"). The Experian report showed that Defendant had continued to report the Debts allegedly owed and further failed to note that the Debts were disputed.

18. Defendant's failure to mark the collection account as disputed was material because it impaired Plaintiff's credit rating and his ability to obtain additional credit.

19. Moreover, the failure to mark a disputed debt as disputed would cause the least sophisticated consumer to become confused and uncertain about their right to dispute a debt, and the benefits of doing so.

20. Defendant, by continuing to report the Debts to credit reporting agencies when it knew the Debts were disputed, used false, deceptive and misleading means to collect the Debts.

21. As a result of these false, deceptive and misleading practices, Plaintiff was harmed.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e *et seq*.

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

24. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. Pursuant to 15 U.S.C. § 1692e(8), a debt collector is prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including failure to communicate that a disputed debt is disputed."

26. Defendant failed to mark the Debts as disputed and Plaintiff was harmed.

27. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and

attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)   Awarding Plaintiff statutory damages;

(b)   Awarding Plaintiff actual damages;

(c)   Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(d)   Awarding pre-judgment interest and post-judgment interest; and

(e)   Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  June 11, 2020　　　　　　　　**COHEN & MIZRAHI LLP**
　　　　　　　　　　　　　　　　　　YOSEF STEINMETZ
　　　　　　　　　　　　　　　　　　Florida Bar No. 119968


　　　　　　　　　　　　　　　　　　　　/s/ Yosef Steinmetz
　　　　　　　　　　　　　　　　　　YOSEF STEINMETZ

　　　　　　　　　　　　　　　　　　300 Cadman Plaza West, 12th Floor
　　　　　　　　　　　　　　　　　　Brooklyn, NY  11201
　　　　　　　　　　　　　　　　　　Telephone:  929/575-4175
　　　　　　　　　　　　　　　　　　929/575-4195 (fax)
　　　　　　　　　　　　　　　　　　yosef@cml.legal

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*